5 F.3d 532
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of AMERICA, Appellee,
v.
Clarence W. CHEEK, Appellant.
 No. 93-1685WM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 18, 1993.
Filed: September 9, 1993.
 
 Before FAGG, WOLLMAN and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Clarence W. Cheek appeals his conviction and sentence on charges of aiding and abetting a bank robbery and interstate transportation of stolen money. He contends the district court[1] erred in denying his motion for judgment of acquittal based on insufficiency of the evidence and in enhancing his sentence pursuant to U.S.S.G. Sec. 2B3.1(b)(2)(E), for brandishing, displaying, or possessing a dangerous weapon. We disagree.
 
 
 2
 The standard of review applicable to a motion for judgment of acquittal is whether a reasonable juror could have found guilt beyond a reasonable doubt. United States v. Pardue, 983 F.2d 843, 847 (8th Cir. 1993). Such a motion " 'should only be granted where the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury must have a reasonable doubt as to the existence of any essential elements of the crime charged.' " Id. (quoting United States v. Mundt, 846 F.2d 1157, 1158 (8th Cir. 1988) (emphasis added)). After viewing the record in the light most favorable to the government, we find there was sufficient evidence for a reasonable juror to convict Cheek on both counts.
 
 
 3
 During the robbery, Cheek's codefendant possessed and displayed a hose coupling that appeared to a bank teller to be a gun. The district court enhanced his sentence three levels for brandishing, displaying, or possessing a dangerous weapon. See U.S.S.G. Sec. 2B3.1(b)(2)(E). Cheek contends the enhancement was improper because no dangerous weapon was brandished, displayed, or possessed. The Sentencing Guidelines are clear: where an object that appeared to be a dangerous weapon was brandished, displayed, or possessed, the object is treated as a dangerous weapon for purposes of enhancing the offense level under section 2B3.1(b)(2)(E). U.S.S.G. Sec. 2B3.1, comment. (n.2). Accordingly, we affirm. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri